**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

IN THE MATTER OF:

| | |
|---|---|
| **SURF CITY INVESTMENTS, LLC** | **CHAPTER 11** |
| | **CASE NO.:  11-01398-8-RDD** |
| **DEBTOR** | |

**DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FOR TURNOVER**

COMES NOW Surf City Investments, LLC (the "Debtor"), by and through the undersigned counsel, and respectfully moves this Court for an Order (i) authorizing the Debtor to use cash collateral pursuant to 11 U.S.C. § 363, and (ii) for turnover of cash collateral assets as described herein.  Furthermore, the Debtor respectfully requests an emergency hearing before this Court in order to avoid immediate and irreparable harm to the Estate.  In support of this Motion the Debtor shows unto this Court the following:

**Statement Regarding the Debtor**

Surf City Investments, LLC ("SCI") is the surviving entity of a consolidation of Surf City Investments, Inc., Yow's Motel Investments, LLC, and Beach House Marina, LLC.  SCI is in the business of developing real property in Pender County, North Carolina, and owns a motel and marina property. The marina property currently has boat slips which are available for sale or lease, and has the necessary approvals to build additional boat slips.  SCI will generate revenue from the rental and sale of boat slips, and the operations of the motel and marina.

The Debtor began to experience financial problems in 2008 when the Debtor and its primary lender, Wells Fargo Bank, N.A., successor by merger with Wachovia Bank, N.A. ("Wells Fargo"), could not come to terms regarding the disposition of boat slips, sale and release prices for the boat slips, the need for financing to build a clubhouse and pool, and the repayment of its debts.  Wells Fargo initiated suit against the Debtor in New Hanover County and

foreclosure proceedings in Pender County.  The Debtor, realizing it needed time to sort through its financial affairs, proceeded to file for protection under Chapter 11 of the Bankruptcy Code on February 24, 2011 in order to continue the process of reorganizing its affairs.

The Debtor is currently anticipating a continuation of operations by way of this proposed reorganization.  The Debtor believes that in order to maintain existing operations, and retain the maximum value of its business, the Debtor will be required to incur certain operating and development expenses.  The Debtor will require necessary funds for operating and developing its businesses and other expenses.  The Debtor's only significant source of income is through continued operations of the motel and marina, the rental and sale of its boat slips, the collection of its accounts receivable, and the cash proceeds generated thereby.  The Debtor's assets are subject to a security agreement in favor of Wells Fargo.  The revenue generated from the Debtor's accounts receivable is used to pay obligations to Wells Fargo, taxes, insurance, dry slip condominium dues, building permit fees, and other operating expenses.  The Debtor proposes that Wells Fargo should be allowed, as adequate protection for the Debtor's use of the cash collateral, a post-petition replacement lien and security interest on the same assets to which its liens attached pre-petition to the same extent and with the same validity and priority as existed on the petition date, or a reasonable release price for collateral that is sold.

The Debtor shows unto the Court the following:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor is a North Carolina limited liability company engaged in the development of real estate and the operation of a marina and motel with its principal office in Wilmington, North Carolina.  The Debtor's property is located in Pender County, North Carolina. The Debtor filed its petition pursuant to Chapter 11 of the United States Bankruptcy Code on February 24, 2011**,** and operates as a Debtor-in-Possession.

3. In order to continue the Debtor's existing operations, the Debtor will be required to incur certain operating expenses. These expenses include taxes, insurance, fuel, repairs, maintenance, and other operating expenses. The Debtor's only significant source of income is through continued operations, the collection of accounts receivable, and the cash proceeds generated thereby.

4. It appears that Wells Fargo may possess a security interest in cash collateral pursuant to the following deeds of trust and UCCs recorded in the Pender County Registry:

| Date | Document | Book and Page | Collateral |
| --- | --- | --- | --- |
| May 5, 2006 | Deed of Trust and Assignment of Rents | Book 2951, page 038 | 7.45 acre at Hwy 50 and 210 Surf City, Topsail Township |
| June 29, 2007 | Deed of Trust, Assignment of Rents and Security Agreement | Book 3263, page 180 | Tract 2 and 3, Subdivision of Beach House Marina, LLC |
| June 29, 2007 | UCC | Book 3263, page 202 | Fixtures and proceeds of Tract 3, Surf City |
| June 29, 2007 | UCC | Book 3263, page 206 | Fixtures and proceeds of Tract 2, Surf City |
| June 29, 2007 | UCC | Book 3263, page 213 | All personal property and proceeds of |
| December 15, 2009 | Modification of Deed of Trust | Book 3723, page 0084 | Boat Slip A31; Common Elements & Limited Common Elements |

5. As a result, the Debtor respectfully requests a preliminary hearing on this Motion to use Wells Fargo's cash collateral in order to avoid a closing down of operations and immediate, irreparable harm to the Estate.

6. The Debtor will maintain one or more Debtor-in-Possession bank accounts into which it will deposit all cash, checks, and other cash items that it receives.

7. The Debtor represents that a reorganization and continuation of its operations will generate the greatest source of funds for creditors, including secured creditors. The Debtor will require access to the cash collateral generated by its operations in order to allow it to remain in

business.

8.  If the use of cash collateral is not immediately approved, the Estate will suffer immediate and irreparable harm, in that it will not be able to pay its expenses from funds generated by operations. If the Debtor is unable to maintain constant cash flow, it cannot possibly succeed in bankruptcy. Rule 4001(b)(2) of the Bankruptcy Rules reads as follows:

> Hearing. The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 14-day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

9.  Pursuant to Rule 4001, the Debtor respectfully requests a preliminary hearing authorizing it to use cash collateral as specified in this Motion.

10.  Prior to the filing of its petition, the Debtor sold two boat slips, #C-12 and #P-22, and approximately $147,979.80 was placed in trust (the "Funds"). These Funds are currently by held by The Law Office of R. Jay Short, Jr., located at 1213 Culbreth Drive, Suite 143, Wilmington, North Carolina (the "Funds").

11.  It appears that the Funds being held in trust are property of the Debtor's estate pursuant to § 541 of the Bankruptcy Code, and are subject to turnover pursuant to § 542(b) of the Bankruptcy Code.

12.  The Debtor requests an Order requiring the turnover of the Funds to the Debtor.

WHEREFORE, the Debtor respectfully prays for the following relief:

1.  For a preliminary hearing on the Motions in order that immediate harm to the Estate can be avoided;

2.  For leave of the Court to pay necessary expenses utilizing current cash collateral generated by the above-described operations;

3.  For an Order authorizing the Debtor to use cash collateral in accordance with 11

U.S.C. § 363;

    4.    For an Order directing The Law Office of R. Jay Short, Jr., to immediately turnover the funds being held in trust related to the sale of boat slips #C-12 and #P-22 to the Debtor; and

    5.    For such other and further relief that this Court deems just and appropriate.

DATED: 2/28/2011                  s/Trawick H. Stubbs, Jr.
                                           TRAWICK H. STUBBS, JR.
                                           N.C. State Bar No. 4221
                                           Attorneys for Debtor
                                           STUBBS & PERDUE, P.A.
                                           P.O. Box 1654
                                           New Bern, NC 28563
                                           (252) 633-2700
                                           (252) 633-9600 FACSIMILE

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

IN THE MATTER OF:

SURF CITY INVESTMENTS, LLC                CHAPTER 11
                                          CASE NO.:  11-01398-8-RDD
     DEBTOR

## NOTICE OF EMERGENCY MOTION

NOTICE IS HEREBY GIVEN of the DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, AND FOR TURNOVER  ("Motion") filed simultaneously herewith in the above captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that this Motion may be allowed provided no response and request for a hearing is made by a party in interest in writing to the Clerk of this Court; and,

FURTHER NOTICE IS HEREBY GIVEN, that a hearing will be conducted on the Motion and any response thereto on March 4, 2011 at 10:00 a.m. at the United States Bankruptcy Court, 1760A Parkwood Boulevard, Wilson, North Carolina.

DATE OF NOTICE:  02/28/2011

                                          s/Trawick H. Stubbs, Jr.
                                          TRAWICK H. STUBBS, JR.
                                          N.C. State Bar No. 4221
                                          Attorneys for Debtor
                                          STUBBS & PERDUE, P.A.
                                          P.O. Box 1654
                                          New Bern, NC 28563
                                          (252) 633-2700
                                          (252) 633-9600 FACSIMILE

## CERTIFICATE OF SERVICE

I, Trawick H. Stubbs, Jr., P.O. Box 1654, New Bern, N.C. 28563 certify;

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 28th day of February, 2011, I served copies of the foregoing DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, AND FOR TURNOVER and NOTICE THEREOF, on the parties listed below and on Exhibit "A", attached hereto, electronically through e-mail transmission, facsimile, or through CM/ECF as indicated.

I certify under penalty of perjury that the foregoing is true and correct.

DATED:  02/28/2011

                                                        s/Trawick H. Stubbs, Jr.
TRAWICK H. STUBBS, JR.
N.C. State Bar No. 4221
Attorneys for Debtor
STUBBS & PERDUE, P.A.
P.O. Box 1654
New Bern, NC 28563
(252) 633-2700
(252) 633-9600 FACSIMILE

TO:
Bankruptcy Administrator                    (via CM/ECF)

Terri L. Gardner & Joseph M. Lischwe
Attorneys for Wells Fargo Bank            (via CM/ECF)

Law Office of R. Jay Short, Jr.           (via facsimile)

Douglas K. Leech                          (via e-mail transmission)
Surf City Investments, LLC



EXHIBIT A

Fax: 910·455·9033
e-mail: riggsland@bizec.rr.com

CHARLES F. RIGGS & ASSOC.
ATTN: MANAGING AGENT
PO BOX 1570
JACKSONVILLE, NC 28541-1570

CHARTER BUSINESS COMM.
ATTN: MANAGING AGENT
PO BOX 742600
CINCINNATI, OH 45274
Fax: 920·907·0350

Fax: 910·592-1441
ecnooil@intrstar.net

ECNO OIL, INC.
ATTN: MANAGING AGENT
PO BOX 397
CLINTON, NC 28329-0397

FLAT IRON CAPITAL
ATTN: MANAGING AGENT
950 17TH ST, STE 1300
DENVER, CO 80202
customer service@FlatironCapital.net

MICHAEL UNDERWOOD & ASSOC.,
ATTN: MANAGING AGENT
102 CINEMA DR., SUITE C
WILMINGTON, NC 28403
Fax: 910·815·0393

PENDER CO TAX COLLECTOR
ATTN: MANAGING AGENT
PO BOX 1047
BURGAW, NC 28425
Fax: 910·259·1482

PENDER CO TAX COLLECTOR
ATTN: MANAGING AGENT
PO BOX 1047
BURGAW, NC 28425
Fax: 910·259·1482

REGIONS BANK
ATTN: MANAGING AGENT
PO BOX 15710
WILMINGTON, DE 19886
Fax: 910·509·2589

REGIONS BANK
ATTN: MANAGING AGENT
PO BOX 15710
WILMINGTON, DE 19886

REGIONS BANK
ATTN: MANAGING AGENT
PO BOX 15710
WILMINGTON, DE 19886

SIGNAL DESIGN, INC.
ATTN: MANAGING AGENT
7780 BRIER CREEK PKWY, STE 415
RALEIGH, NC 27617
Fax: 919·474·0440

SMITH 2 ARCHITECTURE + DES
ATTN: MANAGING AGENT
1906 EASTWOOD RD, STE 230
WILMINGTON, NC 28403
Fax: 910·256·0035

TOWN OF SURF CITY TAX COLL
ATTN: MANAGING AGENT
PO BOX 2745
HOLLY RIDGE, NC 28445
Fax: 910·328·4132